UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2173-BO

JERRY WILLIAM MCNEILL, JR.,

    Petitioner,

v.

FRANK L. PERRY,

    Respondent.

ORDER

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) [D.E. 28]. The court ADOPTS the Order and M&R.

## BACKGROUND

On August 7, 2015, Jerry William McNeill, Jr. ("petitioner" or "McNeill") a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. He alleged four claims. First, he challenged his conviction as a habitual felon. Pet. ¶ 12 (Ground One). Second, he claimed that the Superior Court erred by failing to retroactively apply state sentencing provisions, enacted in 2009 and 2011, which would have reduced his sentence. See id. (Ground Two). Third, he claimed that his sentence was grossly disproportionate in violation of the Eighth Amendment. Id. (Ground Three). Fourth, he argued that he received ineffective assistance of counsel at his resentencing proceeding. Id. (Ground Four). Subsequently, McNeill filed a motion to appoint counsel [D.E. 11]. The matter was referred to

Judge Numbers pursuant to 28 U.S.C. § 636(b)(1)(C) for entry of a memorandum and recommendation.

On March 25, 2016, Judge Numbers entered a Memorandum and Order allowing the action to proceed [D.E. 8]. On May 9, 2016, Respondent Frank L. Perry filed an answer [D.E. 12], a motion for summary judgment [D.E. 13], and a memorandum in support of his motion for summary judgment [D.E. 16]. On July 20 and 21, 2016, McNeill filed responses in opposition to the motion for summary judgment [D.E. 23, 24].

On February 3, 2017, Judge Numbers entered his Order and M&R denying McNeill's motion for counsel and recommending that the court dismiss McNeill's habeas petition. See Order and M&R [D.E. 28]. On February 16, 2017, McNeill filed objections to the Order and M&R [D.E. 30].

## STANDARD OF REVIEW

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendations. Diamond, 416 F.3d at 315 (quotation omitted). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court has reviewed the Order and M&R, the record, and McNeill's objections. As for those portions of the Order and M&R to which McNeill made no objection, the court is satisfied that there is no clear error on the face of the record.

## DISCUSSION

### A.  Indictment Claims

In his first objection, McNeill argues that the habitual felon indictment in his case was defective because the indictment's file number was the same as the number of the principal felony, he never admitted to the habitual felon status, he was not informed of the prior felonies used to support the habitual felon status, and the prosecutor had no jurisdiction to indict him as a habitual felon. See Obj. [D.E. 30-1] ¶ 1. However, McNeill fails to advance any argument or authority to support his objection and merely restates the argument set out in his habeas petition. See Pet. [D.E. 1] ¶ 12 (Ground One). Merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant de novo review. See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D.Va. 2008). That notwithstanding, Judge Numbers correctly concluded that this claim should be dismissed. See Order and M&R [D.E. 28] 8–10. The issue of the sufficiency of a state indictment is a matter of state law. A state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas review. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Further, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n.1 (4th Cir. 1999). Thus, this objection is overruled.

3

Moreover, the transcript of plea in McNeill's case makes clear that McNeill was aware of what he pled to and that he intended to plead guilty to being a habitual felon. The trial court inquired, and McNeill acknowledged under oath, in open court, that his attorney had explained the habitual felon charge to him, he understood the nature and the elements of the charge, he was satisfied with his lawyer's services, he understood he was pleading guilty to the habitual felon charge, and he had in fact attained the status of a habitual felon. See Tr. of Plea, D.E. 15–3. McNeill signed the plea, along with the prosecutor and his attorney. See id. McNeill's attorney stated that he had "fully explained to the defendant the nature and elements of the charge(s) to which the defendant is pleading." Id. The trial court found, among other things, that there was a factual basis for the plea, McNeill was satisfied with his attorney, McNeill made an informed choice to plead, and the plea was made freely, voluntarily and understandingly. Id. Judge Numbers correctly concluded that McNeill's claim that his plea to being a habitual felon was uninformed is contradicted by the record. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[a] [d]efendant's sworn representations made at a plea hearing 'carry a strong presumption of verity' and 'constitute a formidable barrier against any subsequent collateral proceedings.'"). This objection is overruled.

## B.  Equal Protection Claim

Next, McNeill objects to Judge Numbers' conclusion that he has no federal constitutional right to retroactive application of the sentencing laws contained in the Structured Sentencing Act ("SSA") and the Justice and Reinvestment Act ("JRA") to reduce his sentence. See Obj. at ¶ 2. Again, McNeill has failed to advance any argument or authority to support his objection and merely restates verbatim the argument set out in his habeas petition. See Veney, 539 F. Supp. 2d at 846. In any event, Judge Numbers correctly concluded that because McNeill was convicted

4

based on offenses committed before enactment of the sentencing amendments, the amendments do not apply to him. See Order and M&R at 10–11.

Specifically, the SSA, amended in 2009, reducing the sentence lengths for certain crimes were expressly made prospective only and do not apply to offenses committed before that date. See N.C. Gen. Stat. § 15A-1340.14 (2009); see also Dover v. Ball, No. 5:12-CV-167 (RJC), 2013 WL 3781958, at 1 (W.D.N.C. July 18, 2013).

The JRA, effective December 1, 2011, which reduced sentences for habitual felons, also expressly states that it is prospective only and does not apply to offenses committed before its effective date. See N.C. Gen. Stat. § 14-7.6 (2011): Dover, 2013 WL 3781958, at *1.

McNeill was convicted based on offenses committed before the 2009 and 2011 sentencing amendments were made effective. A habeas petitioner does not have a federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are only to be applied prospectively. See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit."); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (holding that the prospective application of a state sentencing law did not violate equal protection for those prisoners sentenced under a prior sentencing scheme). Furthermore, the federal constitution does not require "that two persons convicted of the same offense receive identical sentences." Williams v. Illinois, 399 U.S. 235, 243 (1970). Judge Numbers, thus, correctly concluded that the fact that McNeill, as an earlier offender, received a higher sentence that later offenders does not violate the federal constitution. This objection is overruled.

5

Case 5:15-hc-02173-BO Document 31 Filed 03/10/17 Page 5 of 11

## C. Eighth Amendment Claim

McNeill objects to Judge Numbers' conclusion that McNeill's sentence was not disproportionate. Obj. at ¶ 3.[1] However, McNeill again has failed to advance any argument or authority to support his objection and merely restates verbatim the argument set out in his habeas petition. See Veney, 539 F. Supp. 2d at 846. Nevertheless, Judge Numbers correctly concluded that McNeill's sentence fails to raise a constitutional claim. See Order and M&R at 11–13.

The Eighth Amendment does not contain a proportionality guarantee. Harmelin v. Michigan, 501 U.S. 957, 965 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id. at 1001 (citing Solem v. Helm, 463 U.S. 277, 288 (1983)).

The purpose of habitual felon statutes is "to deter repeat offenders and ... to segregate [them] from the rest of society for an extended period of time." Rummel v. Estelle, 445 U.S. 263, 284 (1980). Such extended punishments are justified by "the propensities [the offender] has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." Id.

Habitual felon statutes are constitutional. See id. at 268; Spencer v. Texas, 385 U.S. 554, 560 (1967) (both observing that habitual felon statutes have "been sustained ... against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."). McNeill's claim does not implicate the Eighth Amendment because his sentence is not more extreme or disproportionate than other sentences previously upheld under the Eighth

---

[1] McNeill was convicted of attempted robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, first-degree burglary, and conspiracy to commit robbery with a dangerous weapon. Pet. at 1, D.E. 1; see also State v. McNeill, 158 N.C. App. 96, 97, 580 S.E. 2d 27, 28 (2003). Additionally, McNeill pled guilty to a charge of being a habitual felon. See id. After a resentencing hearing, McNeill was sentenced in the presumptive range, to 100–129 months imprisonment for each of the convictions for attempted robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon to run consecutively, and to 100–129 months for the first-degree burglary to run concurrently with the conspiracy conviction. See Resentencing Hr'g Tr. at 45–46, D.E. 15-8.

6

Amendment. See, e.g., Ragland v. Hundley, 79 F.3d 702 (8th Cir. 1996), cert. denied, 519 U.S. 850 (1996) (upholding sentence of life without parole for felony murder even though defendant claimed he did not intend to kill the victim and was not the one who struck the fatal blow); United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir. 1994) (upholding sentence of life without parole for "merely middle-level drug dealers"); Rummel, 445 U.S. at 285 (upholding life sentence under state recidivist statute, where the predicate offenses were for fraudulent use of a credit card to obtain $80.00 worth of goods, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses).

Moreover, McNeill's complaint that the state court failed to sentence him in the mitigating range alleges a violation of a North Carolina statute, N.C. Gen. Stat. § 15A–1340.16, and is not reviewable by this Court. See 28 U.S.C. 2254(a); Estelle, 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Furthermore, North Carolina statute leaves it to the trial court's discretion whether to impose consecutive or concurrent sentences. See N.C. Gen. Stat. § 15A-1354(a) (2011) ("When multiple sentences of imprisonment are imposed on a person at the same time ..., the sentences may run either concurrently or consecutively, as determined by the court."). Judge Numbers correctly recommended dismissal of this claim and this objection is overruled.

## D.  Ineffective Assistance of Counsel Claims

Next, McNeill objects to Judge Numbers' recommendation that his ineffective assistance of counsel claims be dismissed. Obj. at ¶ 4. However, McNeill has failed to advance any argument or authority to support his objection and merely restates verbatim the argument set out in his habeas petition. See id.; Veney, 539 F. Supp. 2d at 846. McNeill's ineffective assistance

7

of counsel claim is governed by the holding in Strickland v. Washington, 466 U.S. 668 (1984). In order to establish a claim under Strickland, a convicted defendant first must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" Id. at 687. Second, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Judge Numbers correctly recommended dismissal of McNeill's claim that the habitual felon indictment was invalid because it bears the same number as the principal felony. Order and M&R at 14. An indictment affords the accused two protections. It is sufficient if, first, it "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and secondly, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal of conviction." Russell v. United States, 369 U.S. 749, 763–64 (1962) (quotation marks omitted). Minor and technical deficiencies in an indictment which do not prejudice the accused are not a basis for overturning a conviction. Id. at 763. Judge Numbers correctly noted that McNeill makes no claim that the indictment failed in either of its core functions. Order and M&R at 14. This objection is overruled.

Judge Numbers also correctly recommended dismissal of McNeill's claim that counsel failed to advocate for concurrent sentences at the bottom of the mitigate range and that failed to present "all mitigating factors." See id. As Judge Numbers noted, McNeill fails to identify any mitigating evidence trial counsel failed to present, or to specify the prejudice he suffered by its absence. See Order and M&R at 14. At his sentencing, McNeill's counsel presented a number of witnesses intended to establish that McNeill had a support system in the community, that

8

McNeill had supported his family, and that he had a positive employment history. See Re-Sentencing Tr. at 22–32, D.E. 15–8. Counsel argued these factors and that McNeill had, in part, accepted responsibility by pleading guilty to the habitual felon indictment. See id. at 35. Counsel urged the court to impose a sentence in the mitigated range. See id. at 35, 38. The trial court considered the evidence and argument of counsel and in its discretion, determined "... that there is nothing that has been presented to the Court in way of mitigation that would justify a mitigated sentence .... I find no mitigating factors and I sentence [McNeill] in the presumptive range. Id. at 44. Judge Numbers correctly concluded that the record fails to establish either a deficient performance by counsel, or prejudice, as required by Strickland. See Order and M&R at 15. This objection is overruled.

Finally, Judge Numbers also correctly recommended dismissal of McNeill's claim that his counsel failed to raise a defense of double jeopardy on the charges of attempted robbery with a dangerous weapon and first-degree burglary. Order and M&R at 15–16. Double Jeopardy prohibits multiple punishments for the same offense absent clear legislative intent to the contrary. Missouri v. Hunter, 459 U.S. 359, 368–69 (1983). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not .... A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Blockburger v. United States, 284 U.S. 299, 304 (1932) (quotation marks omitted). McNeill's convictions for attempted robbery with a dangerous weapon, and burglary, each involved an element that the other did not.

9

The elements of attempted robbery with a dangerous weapon are: "(1) the unlawful attempted taking of personal property from another; (2) the possession, use or threatened use of a firearm or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim." State v. Van Trusell, 170 N.C. App. 33, 36–37, 612 S.E.2d 195, 198 (2005). These elements are satisfied here, where, armed with a rifle, McNeill confronted the victim and demanded that he "give it up." See Def.'s Br. at 8, D.E. 15–1.

"The elements of first-degree burglary are: (1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) of another (6) which is actually occupied at the time of the offense (7) with the intent to commit a felony therein." State v. Clagon, 207 N.C. App. 346, 350, 700 S.E.2d 89, 92 (2010) (internal quotation marks and citations omitted). These elements are established here by evidence that McNeill rushed into the victim's mother's house, at night, armed with a rifle, uninvited and without permission, intended to rob or further harm the victim. See Def.'s Br. at 8–11, D.E. 15–1. Judge Numbers correctly concluded that based on the foregoing, McNeill committed multiple offenses, thus warranting multiple punishments and his convictions do not implicate the Double Jeopardy Clause. See Order and M&R at 16. For all of the foregoing reasons, McNeill's objections to the magistrate judge's recommendation that the court dismiss his claims of ineffective assistance of counsel are overruled.

E. **Innocence Claim**

McNeill claims, without argument, analysis, or citation of applicable legal authority, that he is innocent. Obj. at ¶ 5. As a threshold matter, this claim is squarely contradicted by the record, including evidence presented at McNeill's trial which unequivocally established his guilt. See Def.'s Br. at 7–10, D.E. 15–1. In any event, in addition to being conclusory and without

10

support in the record, McNeill did not raise a claim of innocence in his habeas petition and cannot use his objections to plead new claims. See 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same); see Orpiano v. Johnson, 687 at 47 (de novo review is "unnecessary in ... situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation."). This objection is overruled.

## CONCLUSION

The court ADOPTS the Magistrate Judge's Order and M&R [D.E. 28]. Petitioner's objections [D.E. 30] are OVERRULED. The court GRANTS the respondent's motion for summary judgment [D.E. 13] and DISMISSES petitioner's habeas petition [D.E. 1].

SO ORDERED. This 9 day of March, 2017.

TERRENCE W. BOYLE
United States District Judge